UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 2:17-cv-00677-MMD-VCF |
| Plaintiff, | ORDER |
| v. | |
| GISELA BAUTISTA, | |
| Defendant. | |

Plaintiff J & J Sports Productions, Inc. seeks default judgment pursuant to Federal Rule of Civil Procedure 55 against Defendant Gisela Bautista d/b/a Casa Mexico Restaurant a/k/a Casa de Mexico ("Motion"). (ECF No. 12) In its Complaint, Plaintiff alleges violations of the Communications Act of 1934, as amended 47 U.S.C. § 605 *et seq.* and the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553 *et seq.* (ECF No. 1.) The Court will grant the Motion.[1]

The Court finds that default judgment is proper because Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk of Court properly entered a default against Defendant pursuant to Fed. R. Civ. P. 55(a) because Defendant has failed to appear after having been properly served. (ECF Nos. 6, 8, 9.) Plaintiff has also satisfied the factors for obtaining default judgment articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Accordingly, the Court grants Plaintiff's Motion.

The Court will also grant Plaintiff statutory and enhanced damages as requested in the sum of $40,000. (ECF No. 12 at 12–16.) Plaintiff seeks these damages under only §

///

---

[1] The Court ordered supplemental briefing on the issue of whether the statute of limitations for bringing this action had expired (ECF No. 13). Plaintiff's filing (ECF No. 14) has established that its claims are timely.

605 (*id.*) and the Court finds such damages are appropriate pursuant to § 605(e)(3)(C)(i)(II) and § 605(e)(3)(C)(i). *See* 47 U.S.C. § 605(e)(3)(C)(i)(II) ("[T]he party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000 . . .."); 47 U.S.C. § 605(e)(3)(C)(ii) ("In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a)."); *see also e.g.*, *J & J Sports Prods., Inc. v. Brazilian Paradise, LLC*, 789 F. Supp. 2d 669, 676–77 (D. S.C. 2011) (recognizing that an "award of modest damages does not satisfy the purpose of [§ 605]"); *Joe Hand Promotions, Inc. v. Sorondo*, 2011 WL 4048786, *3 (E.D. Cal. Sept. 9, 2011) ("By default, Defendants admitted to willfully violating Section 605 for the purposes of commercial advantage."); *Joe Hand Promotions, Inc. v. Gamino*, 2011 WL 66144, *4 (E.D. Cal. Jan. 10, 2011) ("[T]he amount of damages awarded should be in an amount that is adequate to deter these Defendants and others from committing similar acts in the future.").

It is therefore ordered that default judgment be entered against Defendant and in favor of Plaintiff J & J Sports Productions, Inc. as follows: (a) $10,000 for Defendant's violation of § 605(e)(3)(C)(i)(II) and (b) $30,000 for Defendant's violation of § 605(e)(3)(C)(ii).

It is further ordered that, as requested (ECF No. 12 at 16), Plaintiff may submit its request for costs and reasonable attorneys' fees within 14 days of the entry of this order.

DATED THIS 30th day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE